Let's wait and let everybody get settled. We'll wait and let everyone get settled. In 2020, this Court held, because we vacate the forfeiture imposed in the written judgment and remand to the District Court for resentencing, his claim for ineffective assistance is moot. This Court did not say, we vacate the forfeiture imposed in the written judgment and remand to the District Court for the oral pronouncement of forfeiture sentencing. That interpretation, offered by the government on remand, is inconsistent with plenary resentencing. Rather, this Court remanded for resentencing for plenary review, thus mooting the IAC as to forfeiture claim. This morning, I will first address the District Court's error on remand by refusing to consider the substantive objections to forfeiture and our request that the Court vacate the forfeiture orders and the forfeiture pronounced in the judgment. Then, I will turn to Mr. Brooks' claim that the ineffective assistance he received from Ms. Tizard as to forfeiture persists today because the District Court did not heed this Court's remand order. So the specific error you're identifying is that the District Court didn't show a nexus between the condo and the crime and that the relief you want is that we just strike ourselves that forfeiture? Yes, Your Honor. Oh, those are yes. The claim presented in Issue 1 is the Court's refusal to consider substantive objections to forfeiture on remand. Why would the Court consider them if he stipulated that the property was forfeitable? Because that stipulation was not knowing and intelligent. Okay, that in turn depends on you being able to show ineffectiveness. Does it? Well, don't ask me a rhetorical question. What other basis do you have for a District Court to just simply say, oh, I know you stipulated. Why would a District Court ever ask for proof that the property is forfeitable if the defendant has said in a signed, sworn plea agreement it's forfeitable? Because there is record evidence that that waiver was not knowing and intelligent. Mr. Brooks raised that on his original direct appeal that this Court ruled on in 2020. The Court said it's moot. And the Court said it's moot. And if you look at this Court's . . . But therefore, I had a lot of difficulty reconciling your principle brief with your reply brief. And here's why. In the principle brief, you said our complaint is the District Court didn't hear ineffectiveness. It, quote, kicked the can down the road. We should either remand for it to hear and decide ineffectiveness or decide it ourselves. But then in the reply brief, you say you didn't ask Judge Barbier to consider ineffectiveness, you didn't present the trial attorney, and you tell us this appeal now, direct appeal, not 2255, has, quote, nothing to do with ineffectiveness at all. So if the only way the Court had to find a nexus would have been its conclusion that there was ineffectiveness, is this case about ineffectiveness or is this not? I understand Your Honor's confusion between those two briefs. And I agree, it could have been done better. But if you'll look at issue one, and the relief requested in issue one, and then the relief requested in the brief, the issue is the substantive forfeiture. And the reason, it is a bit of a Russian doll situation. Where the reason is because this Court denied as moot the IAC claim. Again, if you'll look at the cases that this Court cited in giving that relief, Whittington and Struthers, what happened in those cases is because there was effectively a do-over, the IAC was washed away because we were going to have an opportunity to look at this again. Right. So Carl gets, he gets the case back. It's almost a 50 page resentencing. Looks pretty plenary. But, and he's saying you got a stipulation. You said the property's forfeitable, so I'm not going to hear about that. And I can understand, given the record, there is a real doubt as to whether the defendant knew his condo would be it. But that all depends on Ms. Tizard and whether she actually was strickland ineffective. And I just don't see how we, your, I don't even see you as asking, asking us to decide that. No, Your Honor. What I'm asking today, here, not before, but today here. The, the chief complaint on appeal is that the district court did not comply with the remand order. And the reason the district court did not comply with the remand order is because it refused to entertain substantive objections to the forfeiture. Which is what- Those objections were that he didn't know about it? Or that the, the nexus wasn't proven? That there was no nexus. And every time Mr. Brooks raised the issue at resentencing, the district court wanted to talk about the ineffective assistance. No, no, he said, if you want to talk about it, I wish Ms. Tizard were here. Right, and that this should be brought in a 2255, or we will hear this another day. Correct. And so the, the court, I believe the court erred in putting that sort of roadblock up, given this court's remand order, saying we are denying IAC is moot in And by do, by vacating the judgment and remanding for resentencing without limitation, the necessary implication of that is we're going to reexamine forfeiture. Otherwise there would be no need to have said IAC as to forfeiture as moot. As to pronounce the forfeiture. The, on direct appeal, that was an obvious error, and he did. But you're saying he had to do more, and I can't tell if you're saying he had to knowingly stipulate that the condo was forfeitable. I thought that's the whole reason you can get around the stipulation. We've got a stipulation. We've got, I won't, I won't contest forfeiture, and then we got a big, huge appeal waiver. As I read it, the government's not challenging, relying on either of those two second ones. But Judge Barbee and the government is saying this man swore under oath the condo was forfeitable, and I see the only answer to that is, well, he only did it because he got bad counsel advice. Well, first of all, let me clarify that Mr. Brooks never swore that the condo was forfeitable. All property particularized, and he signs it after he gets, his lawyer gets particular. His lawyer, correct. So we've got a real issue with the knowing and intelligent issue. Again, I, I fully understand your Honor's question as to, don't we need to deal with the stipulation first before we can wash it away? And my response to that is this court's remand in the Brooks One, the 2022 decision, relying on Whittington and Struthers, instructs that the necessary implication of that is, we're just gonna do forfeiture anew. When we, when we remand for plenary resentencing, we're gonna do forfeiture anew. And then we don't have to deal with the IEC. And during oral argument on Brooks One, Judge Alrod, used the term, it's a do-over, and, and so that is what, that, that is- But our court, unless I'm wrong, our court and the district court, neither of us have authority to cut out part of the deal he struck. In other words, you know, respectfully, my court couldn't have said, oh, we're striking this portion of what the government got. His stipulation, that's part of his deal. And as I look at the deal, if he, if he didn't get this deal, he is exposed to going to jail for life, right? He got a huge benefit from the government, correct? Correct, but the government also got a huge benefit from him. That was a two-way street. Yeah, but usually if you're gonna withdraw or undo a guilty plea, both parties get back to the beginning. Cuz nothing you've said is really a government failure that I see. Why, why not, why not file a 2255 and say the plea agreement was only confected because of ineffective assistance? Everyone goes back to the beginning. The government can charge the predicates that would maybe put him in jail for life, but then your client can have proper counsel advising him on what property he's gonna forfeit. Why isn't that the way to go? We, that is a possible way to handle it, but I don't agree that that is the only way that it can be handled. And I, and it, primarily it's, the government cites self. For the proposition that we can't piecemeal this. Self is inapplicable here. That dealt with the exception or rejection of a rule 11 C1C agreement. And the rule 11 provision on that is very clear. Here, we are only dispensing with a waiver, a single waiver provision within a plea agreement. And so there's no authority. Not, not waiver, a stipulation, right? No, it's a waiver of an, oh. Aren't you trying to knock out the stipulation as opposed to the appeal waiver or the I won't contest provision? There are three provisions in this plea agreement. No appeal, government's not, not standing on that. I won't contest it. Doesn't seem to me the government's on. You're trying to knock out his stipulation that his property's forfeited. Correct. And this is in the record on page 471. It's the paragraph right in the middle of the plea agreement. Where it says that the defendant agrees to forfeit and to give the United States right title and interest. But again, does not identify any property. And of course identifies or parrots the statutory language that explains. Agrees to forfeit property that is either criminal proceeds. You were sitting here for the prior case. I mean, I fully understand on resentencing if all of a sudden this, your client is saying, oh my gosh, my condo in Miami had nothing to do with all my drug dealing, if the government wants that as part of the plea agreement, I move to withdraw, and my good cause is my counsel was ineffective. So either move to withdraw, government gets back to square one, can try to put your client in jail for life, or even wait and prove that in fact, Tizard was ineffective. She actually somehow didn't think she had to represent him on forfeiture. But what you're asking for is that we or the district court just knock out something he gave the government. And I don't, that is this line item piecemeal line of authority. What's your best case that any court can do that? Pick and choose in a guilty plea. What case gives the authority for that? I am not aware of a case on point. The best analogy is how a court, when it examines, for instance, a judgment that has an illegal condition of supervised release. It strikes that condition of supervised release. And so again, it is- It goes on. It is not necessary to use sort of a hammer when a scalpel will do. And so here, we have this issue of whether or not this one particular waiver was knowing involuntary. And I think in the interest- I'm calling it a waiver, but I'll call it a stipulation. Okay. Or whether the stipulation- I agree, and there is a big problem. I really have doubts on this record whether he'd been told. And shame on Ms. Tizard. But she can't just, this letter she sent wasn't even sworn. If she wants to say she was strickling ineffective, she's gotta come in and say it and be found it. But if that happens, I think I'm right that everyone goes back to square one. Why does the government lose what they wanted and they got? What, right? Why? Well, the government was negligent in failing to identify certain property at the re-arrangement, right? The re-arrangement transcript certainly leaves a lot to be desired. And specifically, this is where all the court asks is, does the government intend to seek forfeiture from any of these five defendants? It was a mass arraignment. Yes, Your Honor. And then the court begins to explain this provision. And I do think the explanation certainly leaves something to be desired, and that is, the court explains, there's also what's called a forfeiture provision. That means if the government can identify any monies, properties, assets of any type that you either use to commit these offenses- It's a re-arrangement, and if we were to agree with you, we would vacate the guilty plea in its entirety. There's gotta be an error at the re-sentencing. And I'm still wondering, you're saying it's a violation of our mandate, or you're saying it was a failure to look into ineffectiveness, or a little bit of both? All of the above. In that, as a primary matter, there was a failure to follow the mandate. As a secondary matter, there's enough record evidence to make a finding of IAC as to forfeiture on the record before the court. And then in the final alternative, if the court disagrees, then we can have an evidentiary hearing as to that issue. But would there or would there not be a separate 2255 proceeding, according to your view of the case? It is not required. And again, so this is being raised because we are currently in the posture of being on direct appeal. If we were not on direct appeal, yes, it would be a 2255. And in order to raise a cognizable 2255, it would have to be, I think, a wholesale attack on the plea agreement. But because the limited IAC as to forfeiture can be raised on direct appeal and should not be raised in a 2255 under Stigler, that is why we are where we are today as far as raising this ineffective claim on a direct appeal. Does that answer your question? Thank you. All right, Ms. Copes? Thank you, Your Honor. My organization's system is      Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. May it please the Court. I'm Diane Copes, and with me are our forfeiture, our former forfeiture attorneys Andre Lagarde, Alexandra Gia Vitella, and and Charita Hansel. Sorry. And I have them here in case I make a mistake as to forfeiture proceedings while I'm doing the argument. Judge Higginson, you are correct that at page 471, the part of the agreement, the plea agreement that deals with forfeiture actually includes a statement. The defendant agrees that any asset charged in the superseding indictment or bill of particulars is forfeitured sorry is forfeitable as proceeds of the illegal activity for which he is pleading guilty. In other words, any asset in the bill of particulars he admits in excess that it's proceeds for the illegal activity for which he is pleading guilty. That is really the start and the end of the argument. But our court did vacate and it sent it back down. And then I think it was not the same AUSA that appeared at resentencing. No. Anyway, my point is the AUSA told the district court here we are on remand quote simply for oral pronouncement of forfeiture at sentencing. Yes. That's mistaken, correct? That is a mistake and in fact the first half of the remand was dedicated to the 16 other objections that did not have to do with forfeiture and there was significant argument on things like sophisticated money laundering drug quantity and several things that hadn't originally been raised. You have a position and does this record allow us to know whether or not when Mr. Brooks signed the plea agreement he did or didn't know that a bill of particulars had been filed identifying his Miami condo? The district court relied on solemn declarations in open court and the presumption of verity that this court recognized and Brooks won. Judge Barbier said that Mr. Brooks is very intelligent. He has a degree in electrical engineering. He read it. He went over it. He understood it. He signed it. He discussed it with his lawyer. We have an unsworn letter by the lawyer saying it never told him. That's not sufficient to overcome the presumption of verity of these sworn statements. It might be right but we just don't know yet. Is that your position? In other words, you may well be seeing a 2055 and if Ms. Tizard takes a stand under oath and says the FBD told me I didn't have to focus on forfeiture that would implicate whether this man should have property forfeited. Yes or no? Of course you can argue ineffective assistance of counsel. The end result would be that the whole plea agreement and the whole guilty plea is unwound and we're back to square one. Mr. Brooks can't pick and choose between the parts of the plea agreement that he likes or the ones that he dislikes. And so he could argue ineffective assistance of counsel and he could do it even in a traditional 2255 along the lines of Lee that this was something that was so important to me like in Lee deportation it was a collateral consequence. This condo and credit union funds, they were so important to me that I would not have pleaded guilty had I known about them. And that's Hill v. Lockhart. And so that's that's how to overcome the The other way I think opposing counsel didn't disagree but I see why she's making her argument is the minute it gets back on remand and the government says well no your plea included your condo that would be under rule 11 justification to say that's good cause for me to withdraw the plea but again it's the whole thing. So you could do it two ways. Under under rule 11 B1J in Libretti the district court has to advise of forfeiture but it does not have to go through and develop a factual basis for forfeiture as it does for guilt. And here that happens I've seen a number of cases where on plain error review there were complaints that I wasn't advised as to forfeiture and those were denied again on plain error review but it's not going through the entire bill of particulars. That's not what rule 11 B1J says and that's that's not required under Libretti. Is the no line item veto case law iron clad? Is there no exception for a sentencing? I do not know any of any. I don't know of anything that allows you to dissect the plea agreement and accept only the parts you like and reject in court with the courts in premature the parts of the plea agreement that you don't like. As AUSA Gia Vitella pointed out at resentencing it's not a piecemeal question. Again, it goes to the entirety of the voluntary nature of it. I wonder, I mean I've been thinking about this. Is that because of restrictions in rule 11, rule based statutory or is it because it's a contract between two parties and no one can get... What's the underlying authority for, I guess it's district courts can't participate in negotiating pleas? Well, first it is well established under self and other cases. What's the foundation for that line of authority? What's the foundation? It's contract. You enter into a contract and you want to get out of one part of it. Well, you have to get out of the whole thing. And the plea agreement itself is recognized as proof of the factual nexus in rule 32 point hang on, I have that in rule 32 B1B and it says that for forfeiture determination may be based on the written plea agreement. So that's specific to the forfeiture question. But the written plea agreement has always been viewed by this court as a contract and interpreted, for example, a lot of times this court interprets our appeal waiver and you know, either finds it enforces it or doesn't. But here the stipulation is just like the stipulation when you go to trial. The parties stipulate to something and therefore there's no need, further need for proof. The stipulation is read to the jury and that's it. And this stipulation works the same way. Under rule 42 I'm sorry, 32 B1B it is proof that he admitted to the factual nexus for the bill and that the items in the bill of particulars are forfeitable and that included in the superseding bill of particulars, page 127 to 28, that was the condo and the credit union was in the original bill of particulars and like any other stipulation again... The government doesn't give him the particulars to the condo until the night before rearrangement? I have the day before by ECF but... I mean the problem here is it's a little hard to hold a defendant to a forfeiture stipulation when he got the notice the day before and then the record has his lawyer saying and I didn't even tell him about it. Well, that's also the solution which gets back to the whole ineffective assistance of counsel question. Whether she according to her affidavit, paragraph 13 even if she had gotten it three months in advance, she would neither have read it nor passed it along to the client. So under the defendant's theory the timing doesn't matter. It might in other circumstances but not when you're saying my lawyer didn't share anything with me about forfeiture including the bills of particulars and didn't go through the forfeiture issues with me although as Judge Barbier said when he was faced with that argument, who did she think had responsibility for that if not her lawyer and those were some of the credibility questions that Judge Barbier had. But the bottom line is if the position is my lawyer was ineffective in not sharing these things with me the timing wouldn't matter. So under their theory of the case, it doesn't. The court did not remand to unwind this case back to the days of the bill of particulars or the preliminary order of forfeiture and that of course makes final as to the defendant the assets to be forfeited and it included the condo, it included the credit union and it relied on the factual nexus in the plea agreement. There would be no law that would prevent Judge Barbier from deciding the ineffectiveness issue on resentencing though. He could have said I want to hear from Ms. Tisard. He did and in fact he said who does she think has responsibility for that if not his lawyer, that's 443 to 44. She's going to have some explaining to do. I would want Ms. Tisard right here, okay. I would have some questions for her, believe me. You better get her here because I'm going to have to judge her credibility if you want to argue that and that's pages 443 to 49. I would oppose the alternate request for relief that I think is in the defense of Brooks' briefs which is remand again and tell them to do it right now. If you remand again once again we will put forward on our stipulation and he still will be faced with overcoming the strong presumption of verity of his sworn statements at rearrangement and that's what Judge Barbier relied on and you can see that at pages 451 to 52 and at the rearrangement transcript at 360. He said it seems to me that the defendant clearly knew what he was doing. He stipulated to that that's it and that's on page 454. As to ineffective assistance of counsel she had her opportunity. She, I'm sorry, Mr. Brooks had his opportunity. He raised the affidavit. The court said where's Ms. Tizard? The first time this happened Judge Barbier didn't say oh well that's going to have to wait until some other time. Judge Barbier just wanted Ms. Tizard in front of him so he could ask these credibility questions but Fred Brooks did not move to continue the trial in order to get the witnesses there. He did not move to withdraw the guilty plea and the plea agreement and under forfeiture rules which this court went through in Brooks 1 the resentencing would have had to well the remand would have had to expand to more than resentencing because the defendant's forfeiture is final with a preliminary order of forfeiture which is done in advance of sentencing and then orally pronounced which Judge Barbier failed to do at sentencing but there is a period during which objections can be filed you could object for example I didn't have notice or it was you're trying to forfeit stuff that was beyond what I stipulated to like my grandmother's farm I mean these sorts of things are supposed to be ironed out at the stage of the preliminary order of forfeiture such that they are simply pronounced at sentencing the final order of forfeiture only goes to third party to the third party claimants it's the preliminary order of forfeiture that has to be reopened reconsidered for additional evidence or it's just accepted at sentencing and that was beyond the scope of the remand although Judge Barbier said what are the arguments as to forfeiture open the floor for rebuttal because like any other sentencing we offered the nexus and at that point like any other sentencing counsel could have put on witnesses to rebut our evidence but that didn't happen to summarize this may be somewhat repetitious but as to the question did Judge Barbier comply with the mandate rule summarize whether he did or he didn't or he did in part okay well he made the oral pronouncement recognized that that was a problem at page 461 as to the scope of resentencing although the government initially felt that it was narrow like just oral pronouncement this was a full resentencing and we did not object to the presentation of Mr. Brooks's 16 other arguments besides forfeiture and the first half was dedicated to all these other issues and we said at the very beginning that we responded to them and that we were prepared to discuss the 16 other issues but just to refine your answer because when we review something on appeal we review the action of the district judge I don't want to limit you to a yes or no but it is kind of a yes or no question did Judge Barbier comply with the mandate or did he do so only in part use yes or no in your answer and explain that to us well our view of the error and Judge Barbier recognized that was failure to orally pronounce forfeiture at sentencing but Judge Barbier did not limit resentencing to that and indeed interchanged new objections that weren't made at the first sentencing and lots of discussion was that within or without the mandate the remand was far resentencing Judge Barbier unequivocally complied with the scope of the mandate in fact in our view may have gone a little farther by not only not limiting it to say oral pronouncement but giving a full resentencing opening it up to all of the issues involved if implicit in the remand for a full resentencing was you've got to confirm whether it was voluntary in knowing the plea agreement he didn't do that he asked about it but he didn't resolve whether it was tizzard had failed to inform brooks that his condo was going to go into the government's hands and that could have been offered in rebuttal but instead Judge Barbier made the findings that this court  that sworn declarations in open court are subject to a presumption of verity and then he went through all of the things that Mr. Brooks attested to read it, went over it, understood it signed it, discussed with lawyer at pages 451 to 52 and counsel would have needed to rebut that with witnesses but they didn't call any witnesses and and as to the well as to the tenure sentencing issue Brooks 1 expressly affirmed that but did not address these other questions other than the one rule violation but the court did go through the procedures in some depth before reaching that conclusion. Your time has expired now Ms. Coates. Thank you. Thank you your honors. Johnson you saved some time for a moment. Judge Higginson you asked for an example of allowing this court to piecemeal out a plea agreement and one that has come to mind is this court's precedent of striking an appeal waiver and entertaining an appeal but not striking down an entire plea agreement. I would like to point out there seems to be a fundamental disagreement about the scope of the court's remand order and what it means when the court vacated the sentence and I would just point out that in preparing for oral argument I did come across a very recent Fifth Circuit decision. It's United States v. Jackson 7-4-261 and at note one this is a case where the conviction was vacated. It mooted the IAC claim and then in the footnote said because the conviction is vacated we also vacate the forfeiture order. Obviously more recently perhaps the court felt the need to be explicit it's Mr. Brooks' position that that was implicit in this court's order. Implicit they were vacating the guilty plea? Conviction? No. It is Mr. Brooks' position that it was implicit in the remand order in Brooks 1 that the forfeiture orders were vacated as well. Really? Yes. Because forfeiture is a component of sentencing. It's a line item in the judgment and so if the judgment is that the forfeiture order was vacated then we have plenary resentencing and we're going to consider all of the things that go into that judgment including the order of forfeiture. I mean it's a very difficult important case. I mean on the one hand if he didn't know because his attorney didn't home people wouldn't want the property forfeited. On the other hand the government gave up a chance to put a recidivist drug dealer in jail for life with a guilty plea and it now looks like there's an effort to sort of say well the government, you can't get that. You're stuck with your guilty plea and what you surrendered but he gets part of what he surrendered back. But Mr. Brooks' position is that he did not surrender that because he was not aware that he was surrendering. Because of his defense counsel's ineffectiveness. Nothing the government did. That is correct however again there are it creates a catch 22. A defense attorney can just say oh I was ineffective so we get out of our part of the deal but we don't have any exposure to life and no one's ever tied up the knots. It may be Ms. Tizard was ineffective but then she's got to be found so she's got to say it under oath. Maybe get a bar referral for Strickland ineffectiveness. Sounds like though none of that's been confirmed. That's my anxiety. It may be confirmed. It may be what happens. Well Ms. Tizard did confirm this not only in her affidavit. We also have testimony at the out of time appeal hearing which granted was limited and again that was because of the government's objection that when I began asking questions that it perceived to be outside of the scope of the limited issue of whether or not she perfected his appeal timely and whether he had requested that. So I know that in the government's brief they fault Mr. Brooks for not having any evidence to support the fact that the government who objected and the objection was sustained. But critically so we've got sort of the two critical witnesses, Ms. Tizard and Mr. Brooks who both confirm Ms. Tizard did not represent him as to forfeiture but what we also have is the indisputable record that there were no objections filed to the forfeiture and what you have to layer on top of that is we never have the government at the arraignment or at the sentencing making clear on the record in Mr. Brooks' presence we are forfeiting your savings account and your real property. Briefly the government very much frames the issue of Mr. Brooks selecting portions that he likes and dislikes and of course that's not the inquiry. The inquiry is which portions of this plea were knowing and voluntary and which ones were not. And finally Mr. Brooks filed a substantive attack on the forfeiture on remand. The United States offered no response to that. It did not file any opposition to that. And so I disagree with the government's characterization of what happened at resentencing on remand is any sort of substantive determination or any opportunity to provide that. The written objection complete with a proffer was filed and then Judge Barbier said wanted to deal with the IAC claim first and allowed the government to assert their stipulation. For these reasons we would ask the court to vacate the forfeiture and remand this matter. Thank you. Ms. Thompson, your case under submission we noticed that your court appointed and we wish to for your willingness to take the appointment and hope that you'll be willing to take others in addition. The court is in recess under the usual order.